The **PEOPLE of the State of Colorado,**
Petitioner–Appellant,

**In the Interest of E.L.T., a child,**

and

**Concerning Maria Thorpe,**
**Respondent–Appellee.**

No. 05SA166.

Supreme Court of Colorado,
En Banc.

June 26, 2006.

Pete Hautzinger, District Attorney, Twenty–First Judicial District, Sara Green, Deputy District Attorney, Grand Junction, Colorado, Attorneys for Petitioner–Appellant.

Maria Thorpe, Grand Junction, Colorado, Respondent–Appellee pro se.

Justice RICE delivered the Opinion of the Court.

## I.  Facts and Procedural History

E.L.T., a juvenile, was charged by the Mesa County District Attorney's Office with committing acts that, if committed by an adult, would constitute third-degree assault, a class-one misdemeanor, pursuant to section 18–3–204, C.R.S. (2005).  The juvenile and her parent, appellee Maria Thorpe (Thorpe), were directed to appear before the Mesa County District Court and respond to the Delinquency Petition.

On May 3, 2005, Thorpe, appearing pro se, filed a motion for continuance, a request to enter plea in writing, and a request for a discovery order.  The motion was served on the District Attorney's Office on the same date.

As a part of this motion, Thorpe asked the court to disqualify the Mesa County District Attorney's Office.  In support of her request, Thorpe asserted that three members of the District Attorney's Office, Richard Tuttle, Tammy Eret, and Dan Rubenstein, represented Thorpe and the juvenile when they were in private practice and gained confidential attorney-client information about the juvenile and the Thorpe family as a result of this representation.  The motion also asserted that Tuttle, Eret, and Rubenstein had not returned Thorpe's and E.L.T.'s client files

from when they represented Thorpe and E.L.T. in private practice.

Thorpe's motion further informed the court that the Mesa County District Attorney, Pete Hautzinger,

has been served with a Notice of Intent to Sue Letter and will be named as a Defendant in the federal civil rights lawsuit for his alleged false prosecution of [appellee Thorpe] and her husband.  [In addition] District Attorney Pete Hautzinger has a pending grievance with the Colorado Supreme Court, 04–1213, filed by Respondent.

In support of this assertion, Thorpe included a copy of a Notice of Claim, filed pursuant to Section 24–10–109, C.R.S. (2005), which was prepared by Grand Junction attorney Benjamin Silva.  This Notice of Claim was served on District Attorney Hautzinger on October 27, 2004.[1]

Thorpe attached approximately 100 pages of additional exhibits to the motion, including an affidavit written by Thorpe herself attesting to the various facts alleged, and an affidavit from Anne Duckett, a Grand Junction attorney, alleging police misconduct in the case.[2]

The juvenile and Thorpe made their first appearance on May 4, 2005, before Judge Thomas M. Deister.  At that time, Thorpe renewed her request for a Special Prosecutor.  The Deputy District Attorney appearing on behalf of the People opposed the motion and requested time to provide a written response, which request was granted.  The hearing on the motion was continued to allow the District Attorney time to respond.  However, the record reflects that no response was ever filed.

The parties next appeared before the trial court on May 26, 2005.  The trial judge again asked the Deputy District Attorney what her

---

1.  The Notice of Intent to Sue claimed that "Peter Hautzinger did knowingly cause prosecution of [the Thorpes] upon evidence known to be false."  The Notice further asserted that Hautzinger "did abuse his authority ... with malicious intent to wrongfully arrest, prosecute and damage [the Thorpes]."  The letter further informed Hautzinger that damages in an amount in excess of $150,000 were being sought.

2.  The motion made other allegations of impropriety by members of the District Attorney's Office and the Grand Junction police not germane to this appeal.  For example, the Motion asserted that other members of the District Attorney's Office would be called as witnesses in a federal civil rights lawsuit filed against, among other people, the Grand Junction police department.

position was with respect to the Motion for a Special Prosecutor. The Deputy District Attorney's response was limited to the following:

I am told that there is word out there that they are being sued, they are not being sued at this moment and therefore there is no conflict.

The trial court granted the Motion for a Special Prosecutor, concluding that there was a "conflict" that required disqualification. The court however, did not specify the legal basis for its ruling.

The Special Prosecutor was ordered to appear for a hearing on June 16, 2005, but failed to do so. Instead, on that day, the Deputy District Attorney appeared and asked the trial court to clarify its order of disqualification. The court agreed to do so, stating that his reasons for ordering disqualification included the notice of claim filed against District Attorney Hautzinger, and the conflict between Thorpe and Deputy District Attorneys Tuttle, Eret, and Rubinstein. The trial court said he was concerned that these three attorneys had represented the Thorpes when they were in private practice, had developed an attorney-client relationship with them, and, arising out of that representation, the Thorpes had filed a grievance against each of them. The trial court did not identify the legal basis for the disqualification, other than by reiterating that a "conflict" existed. The court reiterated his order that the Mesa County District Attorney's Office was disqualified from prosecuting the juvenile's case, and ordered that a Special Prosecutor be appointed. The court stayed the order pending appeal.

The People appealed the order pursuant to sections 20–1–107(3) and 16–12–102(2), C.R.S. (2005), and C.A.R. 4.1, which affirmatively create a right of interlocutory appeal to con-test district attorney disqualification orders. They now argue that the trial judge abused his discretion in ordering the disqualification of the Mesa County District Attorney's Office. We remand.

## II. Analysis

■ Section 20–1–107(2), C.R.S. (2005), provides that "[a] district attorney may only be disqualified in a particular case at the request of the district attorney or upon a showing that the district attorney has a personal or financial interest" or if the court finds "special circumstances that would render it unlikely that the defendant would receive a fair trial." In *People v. N.R.*, which we also announce today, we hold that this statute eliminates "appearance of impropriety" as a basis for disqualification of a district attorney. *N.R.*, Nos. 05SA273, 05SA294, 139 P.3d 671, 675, 2006 WL 1737855.

■ In reviewing the record in the instant case, we are unable to determine the legal basis for the trial court's disqualification of the district attorney's office. The trial court did not expressly rely on section 20–1–107; nor did it cite case law in support of its order.[3] Although confusion existed as to the permissible grounds for disqualification at the time of the trial court's order, this confusion should be settled by our decision in *N.R.* We remand to the trial court with instructions to determine whether disqualification is necessary under the terms of section 20–1–107.

Justice BENDER dissents, Chief Justice MULLARKEY and Justice MARTINEZ join in the dissent.

Justice BENDER, dissenting.

The majority holds that the trial court did not adequately provide a legal basis for dis-

---

3. We note that in *People v. Chavez*, which we also announce today, we hold that section 20–1–107(2) requires disqualification of an assistant district attorney who had an attorney-client relationship with the defendant in a case that was substantially related to the relevant criminal prosecution. *Chavez*, No. 05SA311, 139 P.3d 653, 2006 WL 1737809. We also conclude in *Chavez* that the existence of an adequate screening policy would be relevant to the analysis of whether the entire District Attorney's Office must be disqualified. As the trial court has not made factual findings as to whether the case in which Tuttle, Eret, Rubenstein represented E.L.T. was "substantially related" to the instant juvenile-delinquency petition, nor as to whether the District Attorney's Office has developed and disseminated an adequate screening policy, we are unable to determine whether the prior representation requires disqualification.

qualification of the district attorney's office and remands with instructions to determine whether disqualification was proper pursuant to section 20–1–107, C.R.S. (2005). As I articulated in my dissent in *People v. N.R.*, 05SA273, I disagree with the majority's holding that a trial court may only disqualify a district attorney if one of the three circumstances in the disqualification statute exists. Because the trial court found "conflict" that would undermine the integrity of the court and the judicial process under circumstances where it was unclear whether E.L.T. would be deprived of a fair trial, I would hold that it acted within its constitutional authority when it disqualified the district attorney's office. I therefore respectfully dissent.

I agree with the majority that the trial court's original findings of conflict are ambiguous. The trial court found that the district attorney "is being sued and four other members of [his] staff are being sued personally [ ] including the supervisor of the Juvenile Department." When the district attorney argued that no suit existed at that time, the court added "there is a conflict; it doesn't require that a suit be made."

After disqualifying the district attorney's office, the trial court later explained its disqualification ruling. The court stated that it disqualified the district attorney's office based on two separate conflicts of interest. First, conflict existed because E.L.T.'s mother had filed a notice of intent to sue the district attorney and three attorneys in the office. Second, conflict existed because three attorneys in the district attorney's office had represented E.L.T.'s family in private practice and E.L.T.'s mother filed grievances with the Office of Attorney Regulation Counsel against these three attorneys:

> in addition to [the notice of intent to sue], and largely the reason why I granted the motion for a special prosecutor is because of the *conflict* between [the defendant's mother] and [the three attorneys]. What [the defendant's mother] has just told me, which I have to accept on face value, is *a grievance has been filed against those three attorneys when they were representing her in private practice. And they have now joined the district attorney's of-*

*fice.* The district attorney has repeatedly asked for special prosecutors in situations related to their former clients. And I can't understand for the life of me why the district attorney is appealing this request ... [The defendant's mother] has certainly made it clear in court and documents that were filed with the court that ... *clearly indicate ... conflict between [the three attorneys] and the [defendant's family] because of the prior attorney/client relationship they had.*

(Emphasis added.)

In my view, although E.L.T.'s right to a fair trial is not necessarily jeopardized, these circumstances support the trial court's decision to disqualify the district attorney's office pursuant to its constitutional authority to protect the integrity and appearance of integrity of the court and the judicial process, and therefore his order to disqualify the district attorney's office does not constitute an abuse of discretion. I would therefore affirm.

I am authorized to state that Chief Justice MULLARKEY and Justice MARTINEZ join in the dissent.